# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| LARRY M. DEATON, | : | |
| Petitioner, | : | Case No. 3:03CV085 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| JEFFREY WOLFE, Warden, | : | |
| Noble Correctional Institution, | | |
| | : | |
| Respondent. | | |

# REPORT AND RECOMMENDATIONS[1]

## I.  INTRODUCTION

Larry M. Deaton, an inmate at the Noble Correctional Institution in Caldwell, Ohio, brings this case *pro se* seeking a writ of habeas corpus under 28 U.S.C. §2254.  This case is before the Court upon Deaton's Petition (Doc. #1), Respondent's Answer (Doc. #6), Deaton's Interpleader (Doc. #9), Deaton's Traverse (Doc. #10), and the record as a whole.

## II.  PROCEDURAL HISTORY

### A.  Trial Court Proceedings

In August 2001 a Jury in the Preble County, Ohio Court of Common Pleas found Deaton guilty of burglary.  (Doc. #6, Exhibit D).  The trial court sentenced Deaton to a term of 12 months imprisonment and further ordered him to serve any term of post-release control imposed by the Parole Board as well as any prison term for violation of such post-release control.  (Doc.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

#6, Exh. E).

In April 2002 Deaton filed in the Court of Common Plea a *pro se* Motion for Concurrent Sentence acknowledging that after his 2001 burglary conviction, he had been found guilty of a probation violation and sentenced to serve the remainder of a 22-month sentence imposed on him from a different criminal case. (Doc. #6, Exh. F). Deaton further acknowledged that he had been ordered to serve his 22-month sentence consecutive to his 12-month sentence. *Id*. The trial judge denied Deaton's Motion for Concurrent Sentence. (Doc. #6, Exh. G).

### B. Deaton's Direct Appeals

In February 2002 Deaton filed a *pro se* Motion for Delayed Appeal in the Ohio Court of Appeals. The Court of Appeals dismissed this Motion because Deaton had not filed a Notice of Appeal in the trial court. (Doc. #6, Exh. I).

Deaton then, in April 2002, filed a second *pro se* Motion for Delayed Appeal in the Ohio Court of Appeals. This time Deaton also filed a Notice of Appeal in the trial court. (Doc. #6, Exh. K, L). Deaton was appointed counsel to represent him. Deaton, through counsel, filed a Brief in the Ohio Court of Appeals raising one Assignment of Error: "[His] conviction for burglary was against the manifest weight of the evidence." (Doc. #6, Exh. M at 3).

In November 2002 the Ohio Court of Appeals overruled Deaton's sole assignment of error and affirmed his burglary conviction. (Doc. #6, Exh. P). Deaton did not file a Motion, Memorandum, or further appeal in the Ohio Supreme Court.

### C. Deaton's Rule 26(B) Application for Reopening Appeal

In December 2002 Deaton filed in the Ohio Court of Appeals an Application for Reopening

Appeal claiming that his appellate counsel provided ineffective assistance in violation of his rights to due process and equal protection in the following ways: (1) by citing only three Ohio cases in support of his arguments; (2) by failing to raise a federal constitutional claim based on *Jackson v. Virginia*, 443 U.S. 307 (1979) and not briefing this issue in a manner sufficient to preserve Deaton's right to federal habeas corpus review; (3) and by failing to raise an ineffective assistance of trial counsel claim based on his trial counsel's numerous errors and on the cumulative effect of these errors. (Doc. #6, Exh. Q).

In February 2003 the Ohio Court of Appeals denied Deaton's Application for Reopening. (Doc. #6, Exh. R).

Respondent explains that Deaton did not file an appeal in the Ohio Supreme Court, stating:

> There is no evidence of Deaton having filed any action before the Supreme Court of Ohio as a result of the denial of his Application to Reopen. Since the period for timely filing of an appeal has expired, Deaton is ***not*** able to attempt a delayed appeal. *See* S. Ct. Prac. R. II Section 2(A)(4)(b).

(Doc. #6, Exh. at 5)(Respondent's emphasis).

### D. <u>Deaton's Present Petition</u>

Deaton's Petition for Writ of Habeas Corpus challenges his burglary conviction on the following grounds:

> Ground One: Ineffective Assistant of Trial Counsel. Trial counsel's performance plagued the trial with prejudice violating Petitioner's rights to the 6th Amend. U.S. Const.[,] Art. 1 §10 and 16 O. Const.
>
> Ground Two: Ineffective assistance of appellate counsel deprived [him] of Assignment of Error violative of his ... 6th and 14th Amends. U.S. Const.[,] Art. I §10 and §16 O. Const.
>
> Ineffective assistance of appellate counsel resulted in [Deaton] being deprived of meaningful appellate review leaving him to shift for himself (pro se) upon

3

>Application for Reconsideration pursuant to Ohio App. R. 26(B) to attempt to correct the forfeiture of assignment of error and present the cumulative meritorious issues to the Court of Appeals (open on the record) where [Deaton] was deprived of Due Process and Equal Protection of Law as cause and prejudice adversely effecting this case.
>
>Ground Three: The State may not avoid the clear mandates of R.C. 2941.143 or Ohio Crim. R. 7(D) and circumvent the Grand Jury process as done in this case violative of [his] right to Due Process guaranteed in the 5th, 6th Amends.
>
>The trial court lacked any firm evidence of venue as to the elevated offense of Burglary R.C. 2911.12(A)(4)[,] Section 10 of Article I of the Ohio Const., provides that '... no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury...' This provision guarantees the accused that the 'essential facts' constituting the offense for which he is tried will be found in the indictment of the grand jury....
>
>Ground Four: Petitioner moves to certify questions of law under 28 U.S.C. §636(c) to the State Supreme Court under S.Ct. Pract. R. XVIII, *et seq*., regarding conflicts of law between manifest weight and sufficiency of evidence is a question of law which test the adequacy of the evidence required to sustain a conviction, *Jackson v. Virginia*, 443 U.S. 307, 319 (1977), and *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997)[.] The relevant inquiry is whether after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the 'essential elements' of a particular crime beyond a reasonable doubt, research reveals no 6th Circuit cases specifically involving the conflict cited in the attached applications. Ground four has not been raised before regarding the conflict of law raised and seems to be a first impression issue on the State of Ohio, wherefore, jurisdiction is conferred upon this Court under 28 U.S.C. §1331, *et seq*., 636(c).

(Doc. #1 at 5-6).

### III. DISCUSSION

#### A. **Procedural Default**

Respondent contends that Deaton has procedurally defaulted his first, second, and third claims and that as a result he has waived them for purposes of federal habeas review. Respondent

reasons that Deaton (1) failed to raise his first claim in his direct appeal, (2) failed to raise his second claim in the Ohio Supreme Court by appealing the Ohio Court of Appeals' denial of his Application to Reopen, and (3) by failing to object to his indictment at the time of his trial in violation of Ohio's contemporaneous objection rule. Respondent further contends that Deaton cannot demonstrate cause and prejudice for his procedural defaults.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies..., thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)(internal citations and punctuation omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court..., thereby alerting that court to the federal nature of the claim." *Reese*, 541 U.S. at 29 (citations omitted).

To fairly present federal claims in the Ohio courts, a petitioner must raise them in direct or delayed appeals to the Ohio Court of Appeals and the Ohio Supreme Court. *See Fields v. Bagley*, 275 F.3d 478, 482-83 (6th Cir. 2001). A petitioner may also be required to bring certain claims in a petition for post-conviction relief under Ohio Rev. Code §2953.21. *See Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

If a federal habeas petitioner fails to fairly present his federal claims to the state courts and if a state procedural rule bars the petitioner from receiving in state court a review on the merits of the federal claims, then the petitioner's procedural default may result in a waiver of the federal claims for purposes of federal habeas corpus review. *See Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004); *see also Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001). Only two limited situations excuse a procedural default: (1) if cause and prejudice excuses the procedural default or (2) if a

5

fundamental miscarriage of justice will result from the failure to consider the merits of the petitioner's claims. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Monzo v. Edwards*, 281 F.3d 568, 575 (6th Cir. 2002).

Deaton, through his appellate counsel, raised only a single Assignment of Error in the Ohio Court of Appeals on his delayed direct appeal: his burglary conviction was against the manifest weight of the evidence. (Doc. #6, Exh. M, O). He did not raise in the Ohio Court of Appeals on his delayed direct appeal his first claim in the instant case – his trial counsel provided constitutionally ineffective assistance – or his third claim in the instant case – the State of Ohio violated his rights under the Fifth and Sixth Amendments by circumventing the Grand Jury and elevating the offense of Burglary in violation of Ohio Rev. Code §2911.12(A)(4). Deaton, moreover, failed to present these claims to the Ohio Supreme Court by appealing the Ohio Court of Appeals' rejection of his delayed direct appeal. By failing to raise these claims in both the Ohio Court of Appeals and the Ohio Supreme Court on his delayed direct appeal, Deaton committed a procedural default. *See Lordi v. Ishee*, 384 F.3d 189, 194 (6th Cir. 2004).

Deaton raised his second claim, ineffective assistance of appellate counsel, in the Ohio Court of Appeals in his Application for Reopening. Deaton's Application under Ohio R. App. P. 26(B) was the proper way under Ohio procedural law for him to raise his claim that appellate counsel provided constitutionally ineffective assistance. *See Morgan v. Eads*, 104 Ohio St.3d 142, 143-44 (2004)(Rule 26(B) "was designed to offer defendants a separate collateral opportunity to raise ineffective-appellate counsel claims...."); *see also Monzo*, 281 F.3d at 577. However, after the Ohio Court of Appeals rejected Deaton's ineffective assistance of appellate counsel claim, he failed to raise this claim – or file any Motion or appeal – in the Ohio Supreme Court. By failing to present

this claim to the Ohio Supreme Court, Deaton committed a procedural default. *See Lordi*, 384 F.3d at 194; *see also Bonilla*, 370 F.3d at 497-98 (failure to file timely appeal in Ohio Supreme Court constitutes procedural default).

Liberally construing Deaton's fourth claim in his favor, especially as he describes it in more detail in his Traverse (Doc. #10), Deaton seeks to raise a claim that his conviction was not supported by sufficient evidence in violation of his rights under the Fourteenth Amendment to the Constitution. *See Jackson v. Virginia*, 443 U.S. 301, 319 (1979). Although Deaton's single Assignment of Error during his delayed-direct appeal in the Ohio Court of Appeals claimed that his conviction was against the manifest weight of the evidence, this state-law claim is distinct from a federal sufficiency-of-evidence claim under *Jackson v. Virginia*, 443 U.S. at 319. *See State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). Even if Deaton's manifest-weight claim could be construed as a federal claim, which is should not, *see id*., Deaton committed a further procedural default by not pursuing a timely appeal in the Ohio Supreme Court. *See Lordi*, 384 F.3d at 194; *see also Bonilla*, 370 F.3d at 497-98.

Deaton's procedural defaults may result in a waiver of his claims for purposes of federal habeas corpus review unless he demonstrates that cause and prejudice excuses his procedural defaults or unless he makes a colorable showing of actual innocence so as to demonstrate a fundamental miscarriage of justice. *See Thompson*, 501 U.S. at 750; *see also Murray*, 477 U.S. at 485; *Bonilla*, 370 F.3d at 397-98. It is to these possible methods of avoiding waiver that the analysis turns next.

### B. <u>Deaton's Waiver</u>

"To establish cause a petitioner must present a substantial reason to excuse his procedural

default." *Rust v. Zent*, 17 F.3d 155, 161 (6th Cir. 1994). "In order to establish cause, a habeas corpus petitioner must show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla*, 370 F.3d at 498 (quoting in part *Murray*, 477 U.S. at 485). "Such factors may include 'interference by officials,' attorney error rising to the level of ineffective assistance of counsel, and 'a showing that the factual or legal basis for a claim was not reasonably available." *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004)(citations omitted).

A review of Deaton's Petition, Traverse, and Interpleader does not reveal the existence of an allegation or circumstance indicating that state officials interfered with his ability to file a timely appeal in the Ohio Supreme Court either on his delayed-direct appeal or in his connection with his Rule 26(B) Application. *See* Doc. #s 1, 9, 10. Deaton also does not identify a circumstance indicating that the claims he failed to raise in the Ohio Court of Appeals and the Ohio Supreme Court were unavailable at the time of his delayed-direct appeal. *See* Doc. #s 1, 9, 10.

Deaton's second claim of ineffective assistant of appellate counsel may establish cause for his procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). However, before Deaton's procedural defaults will be excused by appellate counsel's ineffectiveness, Deaton must show that he did not commit a procedural default with regard to his claim of ineffective assistance of appellate counsel. *See Carpenter*, 529 U.S. 451-52. If an ineffective assistance of counsel claim was itself procedurally defaulted, then it cannot excuse procedural defaults of Deaton's other claims. *See Carpenter*, 529 U.S. 451-52.

As discussed above, *supra*, §III(B), Deaton committed a procedural default by failing to file a timely Memorandum, Motion, or appeal in the Ohio Supreme Court challenging the Ohio Court

of Appeals' rejection of his Rule 26(B) Application. The key, then, is whether Deaton can show cause for this procedural default. Again, however, neither Deaton's Petition, his Interpleader, nor his Traverse identify some objective factor external to his defense that prevented him from filing a timely appeal in the Ohio Supreme Court. *See* Doc. #s 1, 9, 10. Deaton has therefore failed to establish cause for his procedural default of his ineffective assistance of appellate counsel claim. *See Bonilla*, 370 F.3d at 498.

Turning to whether Deaton's procedural defaults may be excused by a fundamental miscarriage of justice, Deaton's best arguments focus on the insufficiency of evidence at trial. Ignoring – in Deaton's favor – that he committed a procedural default by not raising this specific claim under *Jackson v. Virginia*, 443 U.S. 307 (1970) in both the Ohio Court of Appeals and the Ohio Supreme Court, Deaton's insufficient-evidence claim does not meet the fundamental-miscarriage-of-justice hurdle. To surmount this hurdle, Deaton must make a colorable showing of actual innocence. *See Bonilla*, 370 F.3d at 498 (citing *McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991)(other citation omitted); *see also Ritchie v. Eberhart*, 11 F.3d 587, 593 (6th Cir. 1993). In light of the Ohio Court of Appeals' discussion of the factual basis underlying Deaton's burglary conviction, which is entitled to a presumption of correctness upon federal habeas review, *see* 28 U.S.C. §2254(e)(1), Deaton does not present a colorable claim of actual innocence of burglary. This is so at least because a witness testified at trial that he observed Deaton, from only ten feet away, "halfway through an open kitchen window, with his back on a chair and his legs and feet dangling outside the window...." (Doc. #6, Exh. P at 2). The witness phoned the police. When Deaton was arrested nearby a mere 12 minutes later, he stated without prompting or questioning from police, "I did not steal anything. I did not break into a house." *Id*. at 3. The witness identified Deaton at the

9

time of his arrest as the individual who had attempted to enter the window. *Id*. Although Deaton presents contrary theories and allegations, his theories and allegations do not negate the evidence supporting his conviction, particularly the evidence identifying him as the individual who attempted to enter the home in question. Consequently, the record in the instant case fails to create a colorable claim of actual innocence.

Accordingly, Deaton's claims are waived for purposes of federal habeas review.

### C. Deaton's Fourth Claim

Deaton's fourth claim seeks to certify a question to the Ohio Supreme Court regarding the distinction between claims under Ohio law concerning the manifest weight of the evidence versus claims under the federal constitutional law concerning insufficiency of the evidence. (Doc. #1 at 6). To the extent that this claim seeks to resolve an issue of Ohio law, it is not cognizable in this federal habeas corpus case. *See Walker v. Engle,* 703 F.2d 959, 962 (6th Cir.1983). If through his fourth claim Deaton seeks to litigate a claim that his conviction was based on insufficient evidence in violation of the Fourteenth Amendment, he has waived this claim for purposes of federal habeas review. *Supra*, §III(B).

### D. Certificate of Appealability

Before Deaton may pursue an appeal from a denial of his Petition, he must first obtain a certificate of appealability. 28 U.S.C. §2253(c)(1)(A). To obtain a certificate of appealability when a Petition is denied on the merits, the Petitioner must make a substantial showing of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This is accomplished by showing that reasonable jurists could debate whether the Petition should have been resolved in a

different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 (1983)).

If the District Court dismisses the Petition on procedural grounds without reaching the merits of the constitutional claims, the petitioner must show that jurists of reason would find it debatable whether the District Court is correct in its procedural ruling.  *Slack*, 529 U.S. at 484.  The procedural issue should be decided first so as to avoid unnecessary constitutional rulings.  *Slack*, 529 U.S. at 485 (citing *Ashwander v. TVA*, 297 U.S. 288, 347, 56 S. Ct. 466, 80 L. Ed. 688 (1936)(Brandeis, J., concurring)).

In the instant case, the conclusion that Deaton's first three claims are waived and the conclusion that his fourth claim is not cognizable are not debatable among jurists of reason.  Consequently, a certificate of appealability should not issue.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner Larry M. Deaton's Petition for Writ of Habeas Corpus (Doc. #1) be DENIED;

2. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

3. The case be terminated on the docket of this Court.

June 2, 2005                                                                       s/ Sharon L. Ovington
                                                                                   Sharon L. Ovington
                                                                                   United States Magistrate Judge

11

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).